J. Bryan Quesenberry
2750 SW Coast Ave.
Lincoln City, OR 97367
801-473-9951
jbq.esq@gmail.com
*Plaintiff/Relator*

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 24 2025

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

1:25-CV-0337

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. J. BRYAN QUESENBERRY, | **COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT** |
|       Plaintiff/Relator, <br> vs. | (Filed in camera and under seal) (DO NOT PLACE ON PACER) |
| SPE MB ATLANTIC PALMS LLC, RISHI PATEL, AYESHA PATEL, and MUKESH C. PATEL, | JURY TRIAL DEMANDED |
|       Defendants. | Civil Action No. _____ |

Plaintiff/Relator J. Bryan Quesenberry, at attorney licensed in Utah acting on behalf of the United States of America (the **"Government"** or the **"Federal Government"**) and against Defendants, alleges, based upon personal knowledge, relevant documents, information, and belief, as follows.

## INTRODUCTION

1.      This is an action to recover damages and civil penalties on behalf of the United States of America arising from false and/or fraudulent records, statements, and claims made and caused to be made by Defendants and/or their agents and employees, in violation of the federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.* **("FCA")**.

2.    This action seeks to recover hundreds of thousands of dollars of federal funds wrongfully loaned to Defendant SPE MB Atlantic Palms LLC **("Borrower")** through the Federal Government's Paycheck Protection Program **("PPP")** fund.

3.    Defendants made false representations on Borrower's PPP loan and forgiveness applications, as detailed below, to obtain PPP loans and then to obtain forgiveness of those loans.

## THE FALSE CLAIMS ACT

4.    The FCA prohibits, *inter alia*: (1) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval; and (2) knowingly making or using, or causing to be made or used, a false or fraudulent record or statement material to a false or fraudulent claim. 31 U.S.C. §§ 3729(a)(1)(A), (B). Any borrower who violates the FCA is liable for a civil penalty for each such claim, plus three times the amount of the damages sustained by the Government. 31 U.S.C. § 3729(a)(1)(A) (as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 [28 U.S.C. § 2461 note; Public Law 104-410]).

5.    The FCA allows any person having information about an FCA violation to bring an action for himself and the Federal Government, and to share in any recovery.

## PARTIES

6.    Plaintiff/Relator is a resident of Oregon. He brings this action on behalf of the United States of America, the real party in interest.

7.    Defendant SPE MB Atlantic Palms LLC ("Borrower") is a South Carolina entity doing business in Dekalb County, Georgia.

8.    Defendant Rishi Patel is an individual residing in Dekalb County, Georgia. Rishi is a member-manager of Borrower.

9.    Defendant Ayesha Patel is an individual residing in Dekalb County, Georgia. Ayesha is a member-manager of Borrower.

10.     Defendant Mukesh C. Patel is an individual residing in Dekalb County, Georgia. Mukesh is a member of Borrower.

11.     These individual Defendants are related. Mukesh C. Patel is the father. Rishi Patel is the son. Ayesha Patel is the daughter.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730.

13.     Relator would qualify as an "original source" of the information on which the allegations or transactions in this Complaint are based because he has access to non-public documents.

14.     This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process, and because Defendants are either an entity doing business in the Northern District of Georgia, or they are individuals residing in the Northern District of Georgia.

15.     Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)-(c) and 31 U.S.C. § 3732(a) because violations of 31 U.S.C. §§ 3729 *et seq.* alleged herein occurred within this district.

## THE PAYCHECK PROTECTION PROGRAM

16.     Congress added sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act **("CARES Act")**. Section 1102 contains a new program called the Paycheck Protection Program **("PPP")** and is party of the U.S. Small Business Administration's **("SBA")** 7(a) Loan Program. These two sections are intended to provide economic relief to

3

small businesses nationwide adversely impacted by the coronavirus pandemic and the COVID-19 Emergency Declaration issued by President Trump on March 13, 2020.

17.     Due to the COVID-19 emergency, many small businesses nationwide are experiencing economic hardship as a direct result of the Federal, State, and local public health measures that are being taken to minimize the public's exposure to the coronavirus.

18.     The SBA received funding and authority through the CARES Act to modify existing loan programs and establish the new PPP loan program to assist small businesses nationwide adversely impacted by the coronavirus pandemic.

19.     Section 1102 of the Act temporarily permits SBA to guarantee 100% of 7(a) loans under the PPP. Section 1106 of the CARES Act provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

20.     The CARES Act was intended to provide relief to America's small businesses expeditiously.

21.     Defendants had to submit documentation necessary to establish eligibility such as payroll processor records, payroll tax filings, form 1099s, and income and expenses documentation.

22.     In general, Defendants calculated an amount to borrow by aggregating payroll costs from the previous 12 months for employees whose principal place of residence is the United States. Annual employee salaries were capped at $100,000. Defendants then calculated the average monthly payroll cost and multiplied that amount by a factor of 2.5.

23.     One certification on the PPP application states, "Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant."

4

24.    Defendants also "further certif[ied] that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

25.    Defendants also represented on their PPP loan application and forgiveness application that they would/did properly spend the PPP funds on eligible expenses such as payroll, utilities, and other business-related expenses.

26.    Finally, Defendants certified that they "understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000."

## ALLEGATIONS

### PPP Loans

27.    Through the individual Defendants, Borrower applied and was approved for a first-draw PPP loan on June 23, 2020, in the initial approval amount of $238,705, received said PPP loan, and had said PPP loan forgiven on January 11, 2022, in the amount of $242,407.

28.    Through the individual Defendants, Borrower applied and was approved for a second-draw PPP loan on March 12, 2021, in the initial approval amount of $158,196, received said PPP loan, and had said PPP loan forgiven on August 18, 2022, in the amount of $160,306.

29.    Borrower was the owner of a hotel called 3 Palms located at 703 S. Ocean Blvd, Myrtle Beach, SC 29577 **("Hotel")**, and these PPP funds were ostensibly to go to payroll for this Hotel according to the PPP loan applications in question.

30.    Borrower was a special purpose entity that just owned the Hotel. Borrower owned no other property.

**The Hotel**

31.    Borrower owned and operated the Hotel.

32.    The above two PPP loans should have been used to pay the payroll at the Hotel.

33.    The problem for Defendants, however, is that ***they had sold the Hotel four months before applying for the first PPP loan***, and thus did not own or operate the Hotel at the time of the first and second PPP loans.

34.    Specifically, Defendants sold the Hotel on or about February 10, 2020, according to a Limited Warranty Deed signed by Ayesha on February 5, 2020. Attached in **Exhibit A** is a copy of this recorded deed.

35.    Defendants thus fraudulently misrepresented on both of their PPP loan applications and loan forgiveness applications that they owned (and operated) the business for which the PPP loans were intended. Their ownership of the Hotel for which the PPP funds were intended was a complete fabrication.

**Defendants' Misuse of the PPP Funds**

36.    Defendants' fraud and misrepresentations do not stop there.

37.    According to bank records, Defendants misused the PPP funds, keeping the funds for themselves and spending the funds on their own personal expenses.

38.    Bank records show that Borrower received the first-draw PPP loan ($238,705) on June 30, 2020 into Borrower's payroll account (ending in 9501) at BB&T/Truist bank.

39.    That same day, Defendants made two transfers totaling $240,000 from this payroll account (9501) to another payroll account ending in 1361.

6

40.    Over the next month (July 2020), according to bank records, Defendants transferred a total of $146,000[1] from the 1361 bank account back to the 9501 bank account. From the 9501 bank account, Defendants spent the money on non-payroll expenses such as:

- a credit card payment ($500 on 7/20)
- an American Express credit card payment ($1,299.72 on 7/20)
- a wire to Nolitan Cadence Bank to pay personal expenses such as Mukesh's American Express Black Card ($20,000 on 7/27)
- wire to Millenium Investment Group ($20,125 on 7/27)
- wire to Wana Zafar ($1,000 on 7/27)
- wire to Jonathan Kelly ($600 on 7/28)
- another wire to Nolitan Cadence Bank to pay personal expenses such as Mukesh's American Express Black Card ($16,000 on 7/28)
- another wire to Wana Zafar ($1,000 on 7/28)
- personal Chase credit card ($500 twice on 7/29)
- payment on a Porsche car loan ($901.89 on 7/29); Rishi owns a Porsche

41.    Bank records also show that Borrower received the second-draw PPP loan ($158,186) on March 24, 2021, into Borrower's clearing account (ending in 1486) at Cadence Bank.

42.    That same day, Rishi transferred this same amount ($158,186) to his personal account (ending in 8286) at Cadence Bank.

---

[1] $50,000 on 7/7/2020
$30,000 on 7/9/2020
$50,000 on 7/27/2020
$16,000 on 7/28/2020

43.     When they applied for forgiveness for these two PPP loans, upon information and belief, Defendants submitted false and misleading documentation and information to the lenders and the SBA that falsely described how Defendants supposedly spent the PPP funds on payroll, etc.

## CAUSES OF ACTION

### COUNT 1
### Violations of the FCA, 31 U.S.C. § 3729(a)(1)(A)
### Submitting False Claims for Approval – Against All Defendants

44.     The above paragraphs are realleged and incorporated herein.

45.     The FCA imposes liability on any person who knowingly presents or causes to be presented a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a)(1)(A).

46.     Defendants knowingly presented or caused to be presented to the SBA applications for PPP loans and loan forgiveness which were false.

47.     Defendants' knowing false certifications on these applications and other documentation it submitted in support of its loans were material to the government's decision to provide the loans and later forgive the loans.

48.     But for Defendants' submission of its false claims, the SBA would not have approved the loan applications or forgiveness applications.

49.     By reason of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

50.     This is a claim for treble damages and penalties under the FCA, 31 U.S.C. § 3729, *et seq*. Additionally, the United States is entitled to a civil penalty as deemed appropriate for each and every violation arising from Defendant's unlawful conduct alleged herein.

8

## COUNT 2
### Violations of the FCA, 31 U.S.C. § 3729(a)(1)(B)
### Creating a False Record or Statement Material to a False Claim – Against All Defendants

51.     The above paragraphs are realleged and incorporated herein.

52.     The FCA imposes liability on any person who knowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim paid or approved by the U.S. government. 31 U.S.C. § 3729(a)(1)(B).

53.     Defendants knowingly made or caused to be made false records or statements to support a false claim submitted to the SBA for approval and forgiveness of its two PPP loans.

54.     The false records and statements Defendants made were used to support false claims that Defendants submitted to the U.S. government.

55.     By reason of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

56.     This is a claim for treble damages and penalties under the FCA, 31 U.S.C. § 3729, *et seq*. Additionally, the United States is entitled to a civil penalty as deemed appropriate for each and every violation arising from Defendant's unlawful conduct alleged herein.

## COUNT 3
### Violations of the False Claims Act, 31 U.S.C. § 3729(a)(1)(C)
### Conspiracy to Violate the FCA - Against the Individual Defendants

57.     The above paragraphs are realleged and incorporated herein.

58.     The FCA imposes liability on any person who conspires to commit a violation of the FCA. 31 U.S.C. § 3729(a)(1)(C).

59.     All Defendants conspired to violate the FCA as alleged above.

60.     As set forth more fully above, the individual Defendants directed or knowingly allowed direction to be given to Borrower to apply for PPP loans, PPP loan forgiveness, and certified or caused to be certified the applications containing false statements.

61.    The United States has been damaged by the aforementioned misrepresentations in a dollar amount to be determined at trial.

62.    Accordingly, the United States government is entitled to treble damages under the FCA in an amount to be determined at trial, plus a civil penalty as deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against each Defendant as follows:

1. For a judgment whereby each Defendant be required to repay the principal amounts of the two PPP loans, with a penalty amount equal to a total of up to three times the damages the United States has sustained because of Defendants' actions;

2. A judgment against each Defendant for all civil penalties due to the Government for each violation of the FCA;

3. That Relator be awarded the maximum amount of the proceeds of this action as allowed pursuant to 31 U.S.C. § 3730, and/or any other applicable provision of law;

4. That Relator be awarded all applicable retaliatory action damages including two times the amount of back pay, interest on the back pay, front pay, special damages, litigation costs, and reasonable attorney fees;

5. That Relator recover from Defendants all costs of this action, with interest, including the cost to the Government for its expenses related to this action;

6. That Relator be awarded all reasonable attorney's fees in bringing this action;

7. An award of pre- and post-judgment interest, and

8. Such other relief to Relator and/or the United States of America as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a

trial by jury.

Dated: 1/13/2025

Respectfully submitted,

J. Bryan Quesenberry
Plaintiff/Relator

11